HELENE EDWARDS AND FRANCIS RAYMOND EDWARDS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Edwards v. Commissioner
Docket No. 9752-90
United States Tax Court
T.C. Memo 1995-335; 1995 Tax Ct. Memo LEXIS 336; 70 T.C.M. (CCH) 161; July 25, 1995, Filed *336 Decision will be entered under Rule 155. Helene Edwards, pro se. Aretha Jones, for respondent. KORNER
KORNER
SUPPLEMENTAL MEMORANDUM OPINION KORNER, Judge: This case was originally reported at , an opinion that was filed on September 15, 1992. Petitioners duly and timely appealed the decision herein to the U.S. Court of Appeals for the Fourth Circuit. That court, in an unpublished per curiam opinion, , affirmed the decision of this Court insofar as it pertained to petitioner Francis Raymond Edwards. However, as to petitioner Helene Edwards, the Fourth Circuit, considering that the issue of innocent spouse had been properly raised at the trial in this Court but had not been properly considered, reversed and remanded, with instructions that the Tax Court make findings as to the claimed innocent spouse status of petitioner Helene Edwards within the meaning of section 6013(e). [1] Pursuant to the mandate of the Fourth Circuit, a further trial was held herein, confined solely to the question of whether or not petitioner Helene Edwards was an innocent spouse. [2] The years involved here *337 are the calendar years 1986 and 1987. In the statutory notice of deficiency, which formed the basis of petitioners' case herein, deficiencies were determined for both those years, together with additions to tax under sections 6653(a) and 6661. The issue before us is controlled by the provisions of section 6013(e), which provides in relevant part as follows: (e) Spouse Relieved of Liability in Certain Cases. -- (1) In general. -- Under regulations prescribed by the Secretary, if -- (A) a joint return has been made under this section for a taxable year, (B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse, (C) the other spouse establishes that *338 in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and (D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement,
then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such substantial understatement. (2) Grossly erroneous items. -- For purposes of this subsection, the term "grossly erroneous items" means, with respect to any spouse -- (A) any item of gross income attributable to such spouse which is omitted from gross income, and (B) any claim of a deduction, credit, or basis by such spouse in an amount for which there is no basis in fact or law.
(3) Substantial understatement. -- For purposes of this subsection, the term "substantial understatement" means any understatement (as defined in section 6661(b)(2)(A)) which exceeds $ 500. (4) Understatement must exceed specified percentage of spouse's income. -- (A) Adjusted gross *339 income of $ 20,000 or less. -- If the spouse's adjusted gross income for the preadjustment year is $ 20,000 or less, this subsection shall apply if the liability described in paragraph (1) is greater than 10 percent of such adjusted gross income. (B) Adjusted gross income of more than $ 20,000. -- If the spouse's adjusted gross income for the preadjustment year is more than $ 20,000, subparagraph (A) shall be applied by substituting "25 percent" for "10 percent". (C) Preadjustment year. -- For purposes of this paragraph, the term "preadjustment year" means the most recent taxable year of the spouse ending before the date the deficiency notice is mailed. * * * (E) Exception for omissions from gross income. -- This paragraph shall not apply to any liability attributable to the omission of an item from gross income.
The requirements of section 6013(e)(1) are cumulative, and a party claiming innocent spouse relief must qualify under all the subsections thereof. See , affg. in part and revg. in part ; . *340 The requirement of section 6013(e)(1)(A) is met. Petitioners were married in the tax years in issue and filed joint returns for those years. With respect to the requirements of section 6013(e)(1)(B), it must be shown that there is (a) a substantial understatement of tax (b) attributable to grossly erroneous items of (the other) spouse. As to the second part of this double requirement, this Court, and the Fourth Circuit, sustained respondent's determination that Francis Edwards received unreported income from his business, from distributions from an IRA, from interest, and from a State income tax refund. The resulting understatements of tax attributable to these items alone exceed $ 500, and thus are "substantial understatements" within the meaning of section 6013(e)(3). In addition, however, respondent disallowed a number of miscellaneous Schedule C deductions claimed in the returns, attributable to petitioner Francis Edwards, pertaining to both the years here involved, as well as a claimed charitable deduction by him for the year 1986. As to these, section 6013(e)(2)(B) will include such deductions in the "grossly erroneous" category only if, with respect to such claims, there *341 is no basis in fact or law. In this case, the deductions were disallowed, and respondent's action was sustained by the Court, but that is all. The petitioner before us, Helene Edwards, who is claiming the innocent spouse exclusion, has done nothing to prove that such deductions have no basis in fact or law. Helene Edwards, for innocent spouse purposes, cannot rely upon respondent's action in disallowing the claimed deductions, nor in this Court's affirmance of such disallowance. She must go further and affirmatively prove that such deduction had no basis in fact or law, and she has not done so. See ; , affd. without published opinion ; . Accordingly, with respect to the disallowed deductions in this case, we must hold that there has been no proof that these were grossly erroneous items to which the substantial understatements of tax in this case are partly attributable within the meaning of section 6013(e)(1)(B). *342 Since we hold that the omissions from gross income by petitioner Francis Edwards were both substantial and grossly erroneous within the meaning of section 6013(e)(1)(B), we need not consider the additional limitation imposed by section 6013(e)(4) (relating to the innocent spouse's rights to relief based upon the comparison of the substantial understatements relative to such innocent spouse's gross income in the preadjustment year), since such limitation in section 6013(e)(4) does not apply where the substantial understatement is caused by an omission from gross income, as here, section 6013(e)(4)(E). Under the provisions of section 6013(e)(1)(C), petitioner Helene Edwards must establish that "in signing the return * * * she did not know and had no reason to know, that there was such substantial understatement". The facts in this case, which are basically undisputed, show that petitioners, although married in 1961, separated in 1980, and have lived apart since that time. They do not share living quarters and have not done so since they separated. Francis Edwards contributes nothing to petitioner Helene Edwards' support; they live entirely separate lives, and basically have nothing *343 to do with each other, except in the preparation of their annual joint income tax return, when petitioner Helene Edwards furnishes her pay figures to Francis Edwards, who in turn combines his own figures therewith and has the returns prepared by a professional tax preparer. Although she was aware in a general way that Francis Edwards was engaged in some form of the landscaping business prior to the time the parties separated in 1980, Helene Edwards had no clear knowledge of the business, how large or how small it was, and whether or not it was making money. She handled no business or financial affairs for the business, did not deposit money with respect thereto, and had no authority to draw money. Lacking any knowledge of his business, she had no basis of knowing whether the information that Francis Edwards reported in the joint returns (and which is the source of all the deficiency dispute herein) was accurate or not. On the facts presented by this record, we conclude that petitioner Helene Edwards qualifies under the requirements of section 6013(e)(1)(C) in that she did not know, and had no reason to know, of the substantial understatements attributable to the unreported income *344 of her husband. This brings us to the final test of section 6013(e)(1) -- that under all the facts and circumstances, it would be inequitable to hold the alleged innocent spouse liable for the deficiency and additions to tax in this case attributable to such substantial understatements. Section 6013(e)(1)(D). In deciding whether it is inequitable to hold the spouse liable for such deficiency (including related additions to tax and interest), we take into account whether the purported innocent spouse significantly benefited beyond normal support, directly or indirectly, from the understatements. See ; , affd. . The evidence here is uncontradicted that, after their separation and during the years here in issue, Francis Edwards provided no support at all to petitioner Helene Edwards. We find no evidence that she benefitted from the understatements of tax attributable to the omission of some of her husband's income. In conclusion, we are satisfied that petitioner Helene Edwards *345 qualifies for relief from liability in this case as an innocent spouse under the provisions of 6013(e), with respect to the portion of each income tax deficiency, and additions to tax, that is attributable to the omissions of income of her husband in the joint returns. The necessary determination of the portion of understatement herein so attributable will have to be determined under Rule 155. Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
2. Although still a formal party herein, petitioner Francis Edwards is no longer directly involved.↩